Good morning. My name is Beverly Van Ness and I represent Mr. Philippe. And Judge Livingston, I have reserved two minutes for rebuttal if that's okay. Thank you. Yes. All right. I would like to take the issues out of order, if I may. The first one is that I'd in possession conviction. As the court knows, this issue arises from the Supreme Court's decision in Rehab v. United States, which was published after Appellant's trial. It says that the government is required to prove beyond a reasonable doubt that the defendant is he knew of his status. And in this case, the status is that he'd been convicted of a felony, which, well, that he'd been convicted of a crime for which a sentence of more than one year was authorized. It is not the conviction of a felony itself, which means that on contrary to the government's argument, the stipulation that was entered into trial was not evidence of his knowledge. The stipulation simply read that he had in fact been convicted of a crime punishable by a sentence of over one year, but it didn't say anything about his knowledge, much less anything about his knowledge at the time he was arrested. I think it's clear under this court's precedence that although this issue is considered under the and the court is allowed to consider evidence that was in the record that was not presented to the jury, in this case, that evidence actually shows the failure of the government's proof. Because in a sense, in Miller, we considered information that was not presented to the jury, but was in the pre-sentence report. In your view, would we be permitted to consider other extra record materials like, for example, the transcript of your client's guilty plea allocution to the prior crime? Well, Your Honor, I'm not aware of where that evidence is. I mean, it wasn't before the district courts. No, it wasn't, but it is, of course, something of which under some circumstances we could take judicial notice being a public record. And the reason I ask is that, you know, there are cases out of circuit that say things like, oh, well, the jury could just infer or we could infer that because a person pleading guilty is supposed to be advised of the consequences of his plea, we could infer that he was so advised. But we don't have to infer in this case because, in fact, he was so advised according to the transcript of his prior plea. And my question is, is that just out of bounds because the government didn't bring it to our attention? Certainly, you haven't had a chance, I gather, to review it or comment on it, so it might be totally unfair to do. But is that within bounds at all for us to limit on what off-the-record information can be considered? I mean, off-the-record in terms of the trial record. And here we have off-record information in the pre-sentencing report, which was fully presented to the district court, and that you certainly can consider. But I think beyond that... Ms. Van Esk, couldn't you send it back for additional fact-finding on the harmless error by the district court on that same issue? I think, correct me if I'm wrong, I think your days less than a year. Time served was almost a year. How much was time served for him? I'd have to go back to my briefing. The PSR seems like it's four days less than a year. And so, not just the plea transcript, he might have been told what the maximum, which I think is seven years. But at sentencing, it may be clear he understood, even though he ultimately got time served, that he certainly could have gotten more than a year at the sentence. He was actually told under the plea agreement, the sentence was limited to something between time served and one and a third to four. But that was the plea agreement he made. So, presumably just a year before these events, he went into a sentencing proceeding, presumably concerned about whether he would luck out and get time served or be unlucky and get a sentence that could require as much as four when the Supreme Court decided rehab and went back to the 11th Circuit. The 11th Circuit sent it back to the district court for exactly this harmless error analysis in light of rehab. So, even if we can't do that type of additional fact-finding, couldn't the district court do that? Well, again, Your Honor, I think that it's an unwarranted extension of the plain error doctrine to allow a court to go behind what's already been admitted in the record on appeal. Why would that be the case, particularly focusing on the fourth prong of plain error review, where we're supposed to be assessing whether the error affects the fairness or integrity of public reputation of proceedings, if you limited yourself to indisputable evidence, the sort of evidence that you can take judicial notice of? Well, Your Honor, I think that, as I said, there has to be a limit. And in this case, the evidence showed that, in fact, Mr. Philippe did get a sentence of less than a year, and whatever was said to him about what he could have been sentenced to, I'm not familiar with the materials you're citing, would, I think, be inappropriate for the district court to consider. I'm just wondering, we spent a lot of time on this, but is there any likelihood that this will actually affect how much time your client spends in prison? My understanding was he got sentenced concurrently on the drugs and the felon in possession charge, and the additional sting in the case is the 924C, not the felon in possession. Well, that's true, Your Honor, but I still think he should not be found to be guilty of a crime that the government did not establish. I mean, I'm not saying it doesn't matter at all. I'm just wondering whether it matters much, if we agree with you, reverse that conviction, send it back for resentencing. I don't know where your client is that's any different than he was in the first place. Well, I'll also remind the court that my client is a lawful permanent resident citizen, so I think any of these convictions have deportation consequences, and therefore it would be to his benefit to eliminate any convictions that he has. If the court would like me to submit additional papers on the off-the-record information you've been talking about, I'd be happy to do so. It's up to you. We'll hear from the government, and then maybe we'll ask for a short supplemental briefing. Okay. Turning next to the 924C charge, which does have serious consequences in terms of punishment, this is an unusual case in the fact that the defendant was found traveling in his car, and there was no drug selling operation per se that was evident from the facts the jury heard. It's not sufficient, as this court knows, for the government to prove that a person involved in a drug selling operation possessed a firearm. There has to be a nexus between the firearm and the drug selling. They have to show that the rifle in this case was possessed in furtherance of selling the drugs. I don't think they met that burden in this case because there was no evidence of the defendant's use of the rifle. There was no evidence of him actually selling any drugs. The rifle was found in the trunk of his car in a duffel bag, secreted in the pant legs of clothes that he had in the duffel bag. It was not accessible to him, and there was no evidence that if he had engaged in any selling of the drugs that were found on his person that he had gone to the trunk, dug out the rifle, and used it as a threat or in terms of protection. It was not easily accessible to him. So I believe for those reasons that the government has not sufficiently proved the in furtherance of element. They certainly have proved that he possessed the rifle, and it's also not sufficient for the government to prove that the weapon was possessed illegally. That doesn't shed any light on whether it was used to further the drug selling operation. So for the reasons I have mentioned in my brief, I would argue that the conviction should be reversed and that kind of the indictment dismissed. I'm not going to say, do you want to reserve some rebuttal time? Reserve your rebuttal time. We're going to use a minute of it now. I'll reserve. Thank you. Mr. Barnett? Yes, Your Honor. Good morning from Albany, and may it please the Court. This is Michael Barnett, Assistant U.S. Attorney, representing YAP-LE. I also conducted the government's trial in the court below. To pick up on Judge Lynch's question, were the Court to reject the sufficiency claims challenging the drug and the 924C counts, I do not expect the sentencing guideline range to change in this case based on my review of the pre-sentence investigation report, which I believe is before Your Honors. So to answer the question of how much it matters, I suppose it does not matter much to the extent the Court upholds the 924C and drug convictions against the sufficiency challenge. I do note that a panel of this circuit recently in the United States versus Morales, 819 Fed Appendix 53, did remand for resentencing in a similar case reasoning that one may not know how the district judge would sentence even if the guideline range were the same. So it remains our position that resentencing wouldn't change much if this case were remanded for that purpose, because the guideline range is the same. Certainly, this case could be remanded for further fact-finding to include submission of the plea transcript. We ask for affirmance on a different ground, which is that there was no plain error because the defendant's substantial rights were not affected, and neither was the integrity, fairness, and reputation of the proceeding. Before you get to that argument, why would we send it back for that further fact-finding now, since this material was not submitted to us by the government at any point this appeal was pending? Correct, Your Honor. We did not make that argument, although I'm not sure that precludes this court from taking that very action. Certainly, I do not have the plea transcript, but I assume that one is out there and that it might shed light on what the defendant knew at the time he entered his guilty plea to the larceny conviction. If that is an option that Your Honors wanted to pursue, obviously, this is a relatively new area of the law dealing with raheifen. If that's the procedure to be followed, then... He didn't follow that procedure, Mr. Burnett. We've been deciding a new issue that this court has never decided, which is whether someone who gets less than a year in jail, sentenced to less than a year, plain error analysis applies primarily here. I know you make this argument regarding his conduct at the scene, but I think there's some issues with that argument. But it would essentially be based upon this stipulation alone, a trial, which didn't deal with knowledge at all. That's essentially what this case would boil down to, right? And we've never said anyone who received was sentenced to less than a year, plain error analysis applies to. Well, I don't think this court has ever upheld or rather rejected a raheif challenge when the person got actually served less than a year. I know Your Honor, in the Bryant opinion, which was issued a few months ago, noted that these are kind of gap cases where the defendant... I know, but this isn't a gap. Bryant got sentenced. It was a suspended sentence, but it was more than a year. And we had a judgment that showed he was advised to what that higher sentence was. But this is a sense of less than a year. And we've never decided. In fact, I don't know if you're aware in Petwa, there's a case, Petwa from June, of someone else out of your office argued where this exact argument is being made, that the stipulation alone is enough to create that inference of knowledge, which I have a hard time with. And Your Honor, we don't argue that that alone suffices. But when you consider that, plus the recency of the grand larceny conviction, the fact that he was on five-year felony probation and his conduct at the scene of the offense, which the jury actually heard, we believe that this court... I know, but he had drugs in the car. I think the gun was illegal under New York law in and of itself. So there were a lot of reasons for him to act the way he did at the scene, other than realizing that he was a felon, right? Well, Your Honor, I respectfully disagree in the sense that when you consider the fact that he hid the gun not only in the trunk, but deep down in the trunk, that his behavior... Well, he had drugs in the car though, right? The drugs actually were on his... He had token amounts of marijuana on his purse, in which he had already provided to the police officer who told him, hey, if it's just marijuana, it's no big deal. The crack cocaine with which he was charged was actually on his person. So the evidence at trial showed that as soon as the officer got to the trunk, his demeanor immediately changed. Mr. Barnett, I hear your argument, and let's assume that I agreed with you that the combination of the stipulation and his behavior and where he hid the gun and these various other things would be sufficient to allow a properly instructed jury to find knowledge, even if that were so. Here, the jury was not instructed that knowledge was an issue. So isn't your burden higher? Don't you have to show, and didn't we find in the cases where someone had actually spent more than a year in prison, that any jury would virtually certainly have found that knowledge existed? Isn't that the burden you have to carry on the plainer to preserve the conviction? Yes, Your Honor, it is a heavy burden. This is not a sufficiency argument. We are saying, in accordance with United States v. Miller, that a jury on these facts would find the omitted element beyond a reasonable doubt. If that argument does not carry the day, then certainly another option, if the court wanted to take it without the government having requested it, is to remand for more fact-finding because there are additional facts out there. Can you explain what we are to make of the fact that at the time of his arrest, he was serving this five-year term of probation for the prior felony? Is that something that we assess at the fourth prong? Why, from your perspective, does that mean that without I believe one way to show that the integrity, fairness, and reputation of the proceedings were not impaired is by showing that there is no colorable defense here. There is no miscarriage of justice if the court affirms even with the instructional error. From our perspective, Chief Judge Livingston, three and four somewhat meld a bit because if Your Honors were to find that the omitted element could nonetheless have been proven, then we believe the fourth element would be met because then the fairness, integrity, and reputation of the proceeding could not possibly be impaired. On the 924C count, Your Honor, just to respond to several things that my colleague stated, this case falls squarely within this court's prior decisions, including in the United States v. Snow, which have focused on the proximity and nexus between the firearm and the drugs. Much was made at trial and also now on appeal about the fact that this was in a vehicle, and I respectfully submit that that's actually a closer nexus than most cases, where the gun is sometimes found in one room of the apartment and the drugs in another or in the basement or in an attic. Here, the loaded, assembled, semi-automatic rifle, a fairly substantial and intimidating gun with its safety switched off, was less than a car length away from the defendant. While it was well hidden and while it took a while for police to obtain it, the defendant was the one who hit it, so he knew where it was. I also think somewhat unique to this case, there's an admission. It's not the most direct admission, but it's certainly one the jury could have relied on and certainly one this court can look to in assessing a sufficiency claim, and that was where the defendant said, in sum and substance, that he did not have the gun to go shoot rabbits. So he's saying, as I interpreted it for the jury, that from the gun, because of its criminal nature, it should have been obvious to the officers. May I make one more point, Your Honor? I see my time is up. Thank you, Chief Judge Livingston. While the defendant had no burden to present any evidence, this court could also look at the fact that no innocent use was suggested by the evidence actually presented. This is three in the morning. He's not at home. It's not like he has the gun to protect himself. He's not going hunting. As he said, he doesn't have it to shoot rabbits. So from that perspective, Your Honor, we think that this is an even better case than Snow and its evidence. But you also actually have an admission, which is somewhat rare in cases that actually go to trial. So we otherwise rest on your brief, on our brief, and thank you for your time. Yes, I don't have a lot of time. I'm going to respectfully adopt Judge Bianco's comments about the felon in possession charge, that Mr. Felipe certainly had many reasons to run away from the police apart from his being a felon in possession, because he had the illegal firearm and he had a quantity of drugs on his body that would have been discovered if he'd been arrested. On what I think might have been, well, the question of his time served sentence, although I accept Judge Bianco's statement that it was four days shy of a year, sounds right. I also want to point out that the time that he served was totally a function of the time he pleaded guilty and the time he was sentenced. If he'd done so three months earlier, he would have gotten the same sentence because the bulk of his sentence was a probationary one. So I think it's just sort of a happenstance that he ended up serving just a little less than one year, but for purposes of the argument, it was definitely less than one year. With respect to your question, Judge Livingston, about probation, I am interpreting that as the idea that if he was violated because of his arrest in this case, that subject to a violation of probation, they would have been sent back to jail and then overall, cumulatively, he would have been sentenced to more than a year. But again, I don't think that what could have happened in the future doesn't speak to his knowledge of what sentence he could have obtained and he, in fact, did get the sentence of less year. Finally, on the 924C argument, I think the, I can't read my writing, I think the government's analogy to finding a gun in a drug seller's apartment or in his basement is completely inapt here because the gun was found in a car and there was absolutely no evidence that my client had actually sold any of these drugs on his travels. He was far away from home and so I think that you can't conjoin the drug selling operation with the gun found on the premises because there was no drug selling operation. And finally, with respect to my client's statement about hunting rabbits, which has gotten an awful lot of attention, it's clear from the evidence that he made this comment to his friend as a joke. He said, if an officer was silly enough to ask me why I had the gun, then I would say in jest, I had it for hunting rabbits. It was far and away not an admission that he possessed the gun in furtherance of his drug selling operation. So if there are no further questions, I will rest on my brief. Thank you. Thank you both. Nicely done. We'll conference on the case and if we determine that we'd like additional letter briefs on the issue of considering material that was not part of the Record on Appeal, we'll issue an order to that effect. Thank you.